UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED

16 AUG 16 PM 2: 11

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

WILBER RAMIREZ, on behalf of himself
and others similarly situated,

  Plaintiff,

v.

HB MARBLE & GRANITE, LLC, a
Florida Limited Liability Company and
VALDINEI DESOUZA, Individually,

  Defendants.
_____/

CASE NO.:

2:16-cv-638-FtM-99CM

## COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiff, WILBER RAMIREZ ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, HB MARBLE & GRANITE, LLC, a Florida limited liability company, and Defendant, VALDINEI DESOUZA, an individual (collectively "Defendants"), and state as follows:

### INTRODUCTION

  1. This is an action for failure to pay overtime wages pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

  2. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

  3. Defendants violated the FLSA by paying Plaintiff and those similarly situated the same hourly rate for all hours worked, irrespective of whether those hours

were overtime hours or not.

## JURISDICTION

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq., hereinafter called the "FLSA") to: (i) obtain certification of this action as a collective action; (ii) recover unpaid back wages; (iii) recover an additional equal amount as liquidated damages for himself and those who opt-in to this action, and (iv) reasonable attorneys' fees and costs.

5. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

6. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Lee County, Florida

## PARTIES

7. At all times material to this action, Plaintiff was a resident of Lee County, Florida.

8. At all times material to this action, Defendant HB MARBLE & GRANITE, LLC, was, and continues to be a Florida Limited Liability Company, with its principal place of business in Lee County, Florida. HB MARBLE & GRANITE, LLC, can be served with process upon its registered agent, Valdinei, DeSouza, at 11034 Longwing Drive, Fort Myers, Florida 33912.

9. At all times material to this action, Defendant, VALDINEI DESOUZA, was an individual resident of the State of Florida, who owned and operated Defendant, HB MARBLE & GRANITE, LLC, and who regularly exercised the authority to (a) hire and fire employees of Defendant, HB MARBLE & GRANITE, LLC; (b) determine the

work schedules for the employees of Defendant, HB MARBLE & GRANITE, LLC; and (c) control the finances and operations of Defendant, HB MARBLE & GRANITE, LLC. VALDINEI DESOUZA can be served with process at can be served with process at 11034 Longwing Drive, Fort Myers, Florida 33912.

10. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of HB MARBLE & GRANITE, LLC; (b) determine the work schedules for the employees of HB MARBLE & GRANITE, LLC; and (c) control the finances and operations of HB MARBLE & GRANITE, LLC, VALDINEI DESOUZA is an employer as defined by 29 U.S.C. 201 et. seq.

11. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

12. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

13. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

14. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

15. At all times material to this action, Defendant HB MARBLE & GRANITE, LLC, was, and continues to be an institution primarily engaged in the production of granite products.

16. At all times material to this action, Defendant, HB MARBLE & GRANITE, LLC, was, and continues to be, an "enterprise engaged in commerce".

17. At all times material to this action, Defendants advertised on the internet, at www.granitecountertopsfortmyers.com, processed credit cards from out of state

patrons, communicated via mail, email, and telephone with their clients and prospective clients both domestically and internationally. Further, Defendants source their marble and granite products from quarries outside the state of Florida, including international quarries.

18. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

19. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

20. At all times hereto, Plaintiff was engaged in interstate commerce and subject to the individual coverage of the FLSA.

21. Further, Defendant(s) had two or more employees who regularly handle Defendant(s)' products and equipment, including building and installation supplies, marble and granite, cleaning supplies, design material, and other equipment, which had previously moved through interstate commerce, during performance of their duties

22. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

23. Plaintiff worked for Defendants as a laborer from approximately March 2014 to January 2016.

24. Plaintiff's job duties included, but were not limited to, cleaning, sanding, and buffing the material to be installed by Defendants, such as granite and marble countertops.

25. Plaintiff was compensated on an hourly basis.

26. Plaintiff was a non-exempt employee for Defendants.

27. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

28. From at least March 2014, and continuing through January 2016, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek. Rather, Defendants paid Plaintiff only his regular rate for hours over forty. Stated differently, Defendants paid "straight-time" for all hours that Plaintiff worked in excess of forty in a workweek.

29. The practice described above was equally applicable to other hourly paid employees of Defendants at the location at which Plaintiff worked.

30. Plaintiff, and those similarly situated, should be compensated at the rate of one and one-half times their regular rate for all hours that they worked in excess of forty (40) hours per workweek, as required by the FLSA.

31. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

32. Defendants violated Title 29 U.S.C. §207 from at least March 2014 continuing through January 2016, in that:

    a. Plaintiff, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, and those similarly situated, at the

  statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

 c. Defendants failed to maintain proper time records as mandated by the FLSA.

33. Upon information and belief, Defendants did not rely upon any written administrative regulation, order, ruling, approval or interpretation of the Department of Labor Wage and Hour Division in creating Plaintiff's pay structure.

34. Defendants knew or should have known with reasonable diligence that their conduct violated the Fair Labor Standards Act or was in reckless disregard for its provisions. As such, Defendants' violation of the law was willful.

35. Additionally, Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA, was willful. Specifically, Defendants were aware of the fact that Plaintiff regularly worked in excess of forty hours in a given work week, as did other similarly situated employees, and paid them for overtime hours at their regular rate of pay, with no overtime premium.

36. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

37. The additional persons who may become Plaintiffs in this action "worked" for Defendants as hourly employees in the same location as Plaintiff, and as a result of the same policy, plan or practice of Defendants pursuant to which Plaintiff was not paid proper overtime wages, worked in excess of forty (40) hours during one or more workweeks during the relevant time periods, but did not receive pay at one and one-half

times their regular rate for all hours worked in excess of forty (40) hours.

38. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

39. Plaintiff re-alleges and re-avers paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. From at least March 2014 and continuing through January 2016, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

41. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

42. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

43. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

44. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

45. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

46. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants have failed to properly pay Plaintiff proper overtime wages at time and one-half of the lawful regular rate of pay for such hours, pursuant to a policy, plan or decision equally applicable to similarly situated employees.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated, respectfully requests:

    a. A declaration be entered, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Conditional certification, pursuant to Section 216(b) of the FLSA, of Defendants' employees, who prepared, cleaned, sanded, or in any other way assisted in the production or installation of Defendants' products in furtherance of Defendants business, and worked over 40 hours in one or more workweeks;

    c. An Order permitting Notice to all potential class members;

    d. Entry of a judgment awarding:

        i. Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week,

   ii. Plaintiff's liquidated damages in an amount equal to the overtime award,

   iii. Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   iv. Awarding Plaintiff's pre-judgment interest; and

 e. Any such other and further the Court deems just and proper.

### JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 15th day of August, 2016.

        Respectfully submitted,

        **MORGAN & MORGAN, P.A.**

        By: */s/ Paul M. Botros*
          Paul M. Botros, Esq.
          Florida Bar No.:63365
          600 N. Pine Island Rd.
          Suite 400
          Plantation, Florida 33324
          Telephone: (954) 318-0268
          Facsimile: (954) 333-3517
          E-mail: PBotros@forthepeople.com
          *Trial Attorneys for Plaintiffs*